IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE LEE CARPENTER,

       Plaintiff,                  1: 07 CV 00114 AWI YNP SMS (PC)

  vs.                            FINDINGS AND RECOMMENDATION
                                     RE MOTION FOR INJUNCTIVE RELIEF
                                     (DOC 19)

W. J. SULLIVAN, et al.,

       Defendants.

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for preliminary injunctive relief.

       Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Salinas Valley State Prison, is seeking preliminary injunctive relief in the form of an order enjoining officials at CCI Tehachapi and Salinas Valley State Prison from conducting "arbitrary and capricious tactical cell extractions and non-routine cell searches."

       This action proceeds on Plaintiff's claim of excessive force and failure to protect that occurred at CCI Tehachapi in January of 2005. On March 30, 2009, Plaintiff filed a notice of change of address, indicating his transfer to Salinas Valley State Prison.

       A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to

litigate this action effectively or efficiently.  A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question.  Rivera v. Freeman, 469 F.2d 1159, 1162-63 (9th Cir. 1972).  The issuance of an order concerning cell searches at Salinas Valley State Prison would not remedy any of the claims alleged in this action.  Plaintiff seeks damages for conduct that occurred in January of 2005.

Further, any claims for injunctive relief regarding conduct at CCI Tehachapi are moot. Accordingly, the court lacks jurisdiction to issue such an order.  When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  See Weinstein v. Bradford, 423 U.S. 147 (1975); Enrico's, Inc. v. Rice, 730 F.2d 1250, 1255 (9th Cir. 1984).  Accordingly, plaintiff's request[s] should be denied as moot.

Additionally, there are no Salinas Valley State Prison defendants before the Court.   The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or before the court.  Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).  The Court therefore has no jurisdiction to enter an order regarding the conduct of any prison officials at Salinas Valley State Prison.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 12, 2009**              /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE