# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER, | CASE NO. 1:07-cv-00114-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ASSISTANCE FACILITATING COMMUNICATION WITH INMATE WITNESSES, WITHOUT PREJUDICE TO RENEWAL WITHIN FORTY-FIVE DAYS (Doc. 84) |
| v. | |
| W. . SULLIVAN, et al., | |
| Defendants. | |

Plaintiff Willie Lee Carpenter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 27, 2010, Plaintiff filed a motion to compel to allow Plaintiff to correspond with inmate witnesses and to compel to provide locations of nineteen inmates in order to prepare evidence for his case.  Defendants have not responded to the motion.  Although Plaintiff attests that all of the witnesses possess relevant information necessary for him to litigate his case, Plaintiff's motion is devoid of any factual showing that the inmates possess actual knowledge of relevant facts.

Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139 (2010).  Further, the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order that Plaintiff be allowed to correspond with his witnesses. E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  However, the Court will request that Plaintiff and

1

his inmate witnesses be authorized to correspond if the Court is satisfied that the witnesses possess actual knowledge of relevant facts.  Plaintiff is required to make that showing with respect to each witness, and may not rely on conclusory assertions that the witnesses possess relevant knowledge.  Further, the Court considers nineteen witnesses to be significant in number, and if the witnesses' knowledge is cumulative, the Court is disinclined to entertain a request to correspond with all nineteen.

Regardless, at this juncture Plaintiff has not made the requisite showing with respect to his witnesses.  Therefore, Plaintiff's motion shall be denied.  Plaintiff may renew his motion for the Court's assistance in facilitating communication with his inmate witnesses, supported by a factual showing that the witnesses possess relevant knowledge.  Because the process can be lengthy and time consuming, Plaintiff must renew his motion, if at all, within forty-five days from the date of service of this order.  A motion filed after that date will not be considered, unless a timely extension of time is sought by Plaintiff.

Finally, under no circumstance will the Court request that Plaintiff be permitted to correspond with other inmates shielded entirely from review or oversight by prison officials.  If Plaintiff renews his motion and makes the requisite showing, prison officials are entitled to and will be notified that they may fashion the procedure for the exchange of documents so as to ensure the safety and security of the institutions at which Plaintiff and the other inmates are housed.

Accordingly, for the reasons set forth herein, Plaintiff's motion for a court order allowing him to communicate with his inmate witnesses and to obtain information about their locations, filed September 27, 2010, is HEREBY DENIED, without prejudice to renewal within **forty-five (45) days.**

IT IS SO ORDERED.

Dated:     December 14, 2010

UNITED STATES MAGISTRATE JUDGE