# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER, | CASE NO. 1:07-cv-00114-AWI-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THE MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED AND RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS |
| v. | |
| W. J. SULLIVAN, et al., | |
| Defendants. | (Doc. 74) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations - Defendants' 12(c) Motion to Dismiss**

**I.  Procedural History**

Plaintiff Willie Lee Carpenter ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed September 17, 2008, against Defendants Litton, Gonzales, Barajas and Ortiz for excessive force on June 6, 2004, in violation of the Eighth Amendment; against Defendant Pfeil for excessive force on January 20, 2005, in violation of the Eighth Amendment; and against Defendants Sullivan, Evans and Carrasco for failure to protect in violation of the Eighth Amendment. (Doc. 17, 1st Amd. Comp. and Doc. 21, Cog Claim Ord.).

On July 16, 2010, Defendants Sullivan, Evans and Carrasco ("Defendants") filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 74). Plaintiff filed an opposition on September 15, 2010 and Defendants filed a reply on September 24, 2010, (Docs. 81, 82 and 83).  On September 27, 2010 and October 1, 2010, Plaintiff motioned for

certain exhibits to be made a part of the original pleading. On December 14, 2010, the Court granted Plaintiff's motion to consider exhibits with the pleadings and gave Defendants the opportunity to amend their original motion for judgment on the pleadings and reply. On January 29, 2010, Defendants submitted a statement to the Court that they did not wish to amend their original morion for judgment on the pleadings and reply. The motion has been deemed submitted and the Court will now reach the merits of Defendants' motion for judgment on the pleadings. Local Rule 230(l).

## II.     Judgment on the Pleadings Standards

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (quoting *Fajardo v. County of L.A.,* 179 F.3d 698, 699 (9th Cir. 1999)). The court must assume the truthfulness of the material facts alleged in the complaint "and treat as false the allegations in the answer that contradict the complaint." *Alcazar v. Corporation of Catholic Archbishop of Seattle,* 598 F.3d 668, 671 (9th Cir. 2010). All inferences reasonably drawn from these facts must be construed in favor of the responding party. *General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church*, 887 F.2d 228, 230 (9th Cir. 1989). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999).

If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. Pro. 12(c). However, documents submitted with the complaint may be considered as part of the complaint for purposes of a motion for judgment on the pleadings. *Hal Roach Studios, Inc. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990). Further, the court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary judgment, provided that the document is central to plaintiff's claim

and no party questions the authenticity of the document. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

### III.     Qualified Immunity and Supervisory Liability

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.' " *Saucier v.Katz*, 533 U.S. 194, 200 (2001) (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), overruled on other grounds by *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009)). In applying the two-part qualified immunity analysis, it must be determined whether, "taken in the light most favorable to [Plaintiff], Defendants' conduct amounted to a constitutional violation, and . . . whether or not the right was clearly established at the time of the violation." *McSherry v.City of Long Beach*, 560 F.3d 1125, 1129-30 (9th Cir. 2009). The second prong asks whether the right was clearly established such that a reasonable officer in those circumstances would have thought her or his conduct violated the alleged right. *Saucier*, 533 U.S. at 201; *Inouye v. Kemna* 504 F.3d 705, 712 n.6 (9th Cir. 2007). These prongs need not be addressed by the Court in any particular order. *Pearson*, 129 S.Ct. at 818. "The relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) *ref*. *Saucier*, 533 U.S. at 201-02.

"In the context of determining whether there is a violation of clearly established right to overcome qualified immunity, purpose rather than knowledge is required to impose . . . liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Plaintiff names supervisory defendants: Warden Sullivan; Chief Deputy Warden Evans; Facility Yard Captain Carrasco. Plaintiff alleges that the named supervisory defendants knew that the subordinate defendants were harming Plaintiff and other inmates and that supervisory defendants allowed subordinate defendants to engage in a "common practice pattern [sic] of physical abuse and

arbitrary cell extraction of inmates." (Doc. 17, p. 14). Plaintiff alleges that the supervisory defendants knew or should have known that subordinates were engaging in harmful conduct, that they allowed harmful conduct to occur and by doing so the supervisory defendants implicitly implemented a "policy that repudiated Plaintiff's constitutional rights . . . ." (Doc. 17, p. 14). In his opposition, Plaintiff further explains that the supervisory defendants were on notice through grievances and complaints over "many months" and failed to take action to stop the "common practice pattern of physical abuse." (Doc. 82, pp. 2-4). To support his claim that the supervisory defendants were on notice, however, Plaintiff refers to his grievances in his exhibits which were made *after* the cell extraction incident of June 6, 2004.

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a claim for relief under section 1983 against supervisory defendants, a plaintiff must allege some facts that would demonstrate that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor's 'knowledge and acquiescence in their subordinates'' misconduct alone is not enough to demonstrate that the supervisor engaged in misconduct that would rise to the level of a constitutional violation. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleadings must demonstrate that there is a causal link between each supervisory defendant and the claimed constitutional violation specifically alleged. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168 (1993)

Plaintiff has not alleged any facts indicating that the named supervisory defendants personally participated in the alleged deprivation of constitutional rights. Plaintiff has only connected

supervisory defendants to liability for the first claim by alleging an implied policy condoning a common practice of physical abuse through "arbitrary cell extraction of inmates." Plaintiff points only to his record of grievances beginning on June 6, 2004, as the basis that the supervisory defendants were placed on notice of his conclusory allegation of a pattern or practice. Even assuming that it was sufficient to state a claim under *Iqbal* by asserting that the supervisory defendants knew and ignored the misconduct of the subordinates, Plaintiff failed to alleged any facts demonstrating that the named supervisory defendants knew of a pattern of violations *before* the June 6, 2004 cell extraction incident occurred.

Moreover, Plaintiff contradicts his allegation of an implied "policy that repudiated Plaintiff's constitutional rights . . . ." Plaintiff's first claim alleges that on June 6, 2004, the subordinate defendants (Litton, Gonzales, Barajas and Ortiz) conducted a "non-routine cell search without first requesting leave from their supervising sergeant . . . . After departing their assigned post without specific permission to do so, the defendants outfitted themselves in tactical cell extraction gear . . . ." (Doc. 17, p. 3-4) (emphasis added). Essentially, Plaintiff is alleging that the subordinate defendants acted independently from a supervisor, implying that subordinates violated prison procedure by conducting a cell search without requesting permission from a supervisor to do so.

Although Plaintiff has not connected supervisory defendants to the second claim, in the abundance of caution, the Court has evaluated Plaintiff's second claim and that too contradicts an assertion of supervisory liability. Plaintiff's second claim states that Defendant Pfeil knew or should have known "that it is against departmental regulations and local CCI Tehachapi Operational Procedures to strike an inmate with a baton in the head, facial area, neck, chest area, and joints." (Doc. 17, p.9). Once again, Plaintiff is alleging that the subordinate defendant was acting in violation of procedures. Thus, Plaintiff's allegations do not imply that any of the supervisory defendants promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen* 885 F.2d at 646. In applying the two-part qualified immunity analysis, Plaintiff has failed to establish that supervisory defendants have any causal connection to the constitutional harm alleged and therefore, the supervisory defendants are shielded by qualified immunity from this suit. *See Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009); *McSherry v.City of Long Beach*, 560 F.3d 1125, 1129-30 (9th Cir. 2009). Therefore, Plaintiff fails to state cognizable claims against supervisory defendants Sullivan, Evans, and Carrasco.

### IV.     Conclusion and Recommendation

Accordingly, this Court finds that Defendants Sullivan, Evans and Carrasco are entitled to qualified immunity such that their motion for judgment on the pleadings, filed on July 16, 2010, should be GRANTED.

As set forth herein, the Court HEREBY RECOMMENDS:

(1)     that Defendants Sullivan, Evans, and Carrasco are entitled to qualified immunity such that their motion for judgment on the pleadings, filed on July 16, 2010, should be GRANTED; and

(2)     that the Clerk of the Court be directed to enter judgment for the Defendants Sullivan, Evans, and Carrasco and against Plaintiff.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 30, 2010                           UNITED STATES MAGISTRATE JUDGE