UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER,<br><br>              Plaintiff,<br><br>     v.<br><br>W. J. SULLIVAN, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:07-cv-00114-AWI-GBC PC<br><br>ORDER SETTING CASE FOR A<br>SETTLEMENT CONFERENCE |

    Plaintiff Willie Lee Carpenter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 22, 2007. Magistrate Judge Jennifer L. Thurston will conduct a settlement conference at California State Prison, Los Angeles County (LAC) on August 12, 2011 at 10:00 a.m.

    Accordingly, IT IS HEREBY ORDERED that:

    1. This case is set for a settlement conference before Magistrate Judge Jennifer L. Thurston on August 12, 2011, at 10:00 a.m. at California State Prison, Los Angeles County, 44750 60th Street, West Lancaster, California 93536.

    2. The parties are to provide confidential settlement conference statements to Sujean Park, ADR Program Director, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at spark@caed.uscourts.gov so they arrive no later than August 1, 2011.

3.  Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

4.  Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

5.  The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at California State Prison, Los Angeles County via facsimile at (661) 729-6994.

IT IS SO ORDERED.

Dated:     June 21, 2011

UNITED STATES MAGISTRATE JUDGE

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval in Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part, Pitman v. Brinker Int'l, Inc.*, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).