UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>W. J. SULLIVAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.: 1:07-cv-00114-AWI-GBC (PC)<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT<br><br>(Doc. 106) |

## I.  Procedural History

Plaintiff Willie Lee Carpenter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 22, 2007.  This action is proceeding on Plaintiff's first amended complaint (Doc. 17), filed on September 17, 2008, against Defendants A. Pfeil, J. Gonzalez, J. Barajas, Ortiz, A. Salazar, J. Martinez, Litton. (Docs. 59, 65, 66).  The Court found that Plaintiff's first amended complaint stated cognizable claims for relief under 42 U.S.C. § 1983 against: 1) Defendants Gonzalez, Barrajas and Ortiz for excessive force on June 6, 2004; 2) Defendants A. Salazar, J. Martinez for failure to protect on June 6, 2004; 3) Defendant Pfeil for excessive force on January 20, 2005; and 4) Defendant Litton for excessive force on January 20, 2005.[1]

On March 18, 2011, Plaintiff filed a motion to file an amended complaint.  (Doc. 106).  On

---

[1] Defendants Sullivan, Evans and Carrasco were dismissed March 28, 2011.  (Doc. 110).

1

1 March 30, 2011, Defendants filed an opposition. (Doc. 112).

## II. Plaintiff's Motion to Amend

### A. Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has been served. Therefore, Plaintiff may not file a second amended complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id.* The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

In this instance, undue delay, futility and prejudice to opposing party are factors. "'Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied.'" *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35 (1982)). This action was filed January 22, 2007. (Doc. 1).

### B. Analysis

Plaintiff filed his first amended complaint on September 17, 2008. (Doc. 17). The Court screened the amended complaint on November 19, 2011 and directed service of the complaint to the Defendants. (Docs. 21, 23). After Plaintiff motioned for leave to file a second amended complaint, the Court instructed Plaintiff to either proceed with the first amended complaint which was previously screened or to file a second amended complaint. (Doc. 34). After Plaintiff gave notice of his intent to proceed on the first amended complaint, On April 7, 2009, the Court ruled that the action would proceed

1  on the first amended complaint filed September 17, 2008. (Doc. 44). Then on April 13, 2010 and May
2  11, 2010, the Court filed clarifications of the screening order and ordered remaining defendants to
3  respond to the first amended complaint. (Docs. 59, 66). After Defendants filed a motion to dismiss
4  Defendants Sullivan, Evans and Carrasco (Doc. 74) and after the Court filed findings and
5  recommendations to dismiss Defendants Sullivan, Evans, Carrasco, On March 18, 2011, Plaintiff filed
6  a motion to file an amended complaint. (Doc. 106). On March 28, 2011, Defendants Sullivan, Evans
7  and Carrasco were dismissed. (Doc. 110).

8  In Plaintiff's motion requesting leave to file a second amended complaint, Plaintiff seeks to expand upon allegations regarding Defendants Sullivan, Evans and Carrasco to support a supervisory liability claim against the now dismissed defendants. (Doc. 106). As Plaintiff chose to seek amendment only after Defendants filed a motion to dismiss, and Plaintiff had submitted an opposition to the motion to dismiss, amendment would unfairly prejudice Defendants. Moreover, The Court notes that Plaintiff's motion for amendment to add arguments regarding the operational procedures, does not establish that Defendants Sullivan, Evans and Carrasco would have known of a pattern of unconstitutional cell extraction practices, prior to June 6, 2004, and thus further amendment would be futile. (Doc. 106).

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that: Plaintiff's motion seeking leave to file a second amended complaint, filed March 18, 2011, is DENIED (Doc. 106).

IT IS SO ORDERED.

Dated:   October 31, 2011

UNITED STATES MAGISTRATE JUDGE

3