# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER,<br><br>    Plaintiff,<br><br>  v.<br><br>W. J. SULLIVAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.: 1:07-cv-00114-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(Doc. 140) |

Plaintiff Willie Lee Carpenter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 22, 2007. This action is proceeding on Plaintiff's first amended complaint (Doc. 17), filed on September 17, 2008, against Defendants A. Pfeil, J. Gonzalez, J. Barajas, Ortiz, A. Salazar, J. Martinez, Litton. (Docs. 21, 34, 44, 60, 65, 66).[1] On June 21, 2011, the Court stayed the case until resolution of pending settlement conference and warned the parties that the Court would strike any motions unrelated to the settlement until the stay was lifted. (Doc. 132). On August 17, 2011, Plaintiff filed a motion for sanctions on the grounds that Defendants filed motions for extension of time to respond to discovery, while the case was stayed. (Doc. 140). On August 24, 2011, Defendants filed an opposition. (Doc. 142).

Federal courts have inherent power to impose sanctions for attorney misconduct and such sanctions include an award of attorney's fees, against attorneys and parties for "bad faith" conduct, or "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991);

---

[1] Defendants Sullivan, Evans and Carrasco were dismissed March 28, 2011. (Doc. 110).

1

1  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-766 (1980); *In re Akros Installations, Inc.*, 834
2  F.2d 1526, 1532 (9th Cir. 1987); *see Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d
3  65, 73 (3rd Cir. 1995). "Bad faith" means a party or counsel acted "vexatiously, wantonly or for
4  oppressive reasons." *Chambers*, 501 U.S. at 45-46; *see Alyeska Pipeline Service Co. v. Wilderness
5  Society*, 421 U.S. 240, 258-259 (1975).

6       Bad faith is tested objectively. "[A] district court's finding of bad faith or the absence of bad
7  faith in a particular case is a factual determination and may be reversed only if it is clearly
8  erroneous." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3rd Cir. 1986); *see Baker v. Cerberus, Ltd.*,
9  764 F.2d 204, 210 (3rd Cir. 1985); *Perichak v. International Union of Elec. Radio*, 715 F.2d 78, 79
10 (3rd Cir. 1983). There must be "some indication of an intentional advancement of a baseless
11 contention that is made for an ulterior purpose, e.g., harassment or delay." *Ford*, 790 F.2d at 347.

12      Defendants do not appear to have engaged in bad faith conduct in requesting extensions to
13 respond to pending discovery requests especially in light of the fact that they were still subject to the
14 discovery deadlines and responding to discovery requests could have been a misuse of resources
15 when there was a pending settlement conference. The mere fact that Defendants requested
16 extensions of time to respond to discovery while the case was stayed does not mean that they acted
17 in bad faith and at most the Court would have struck their motions and allowed them to refile after
18 the stay was lifted.

19      Accordingly, Plaintiff's motion is HEREBY DENIED.

21 IT IS SO ORDERED.

23 Dated:   November 3, 2011                                   _____
                                                              UNITED STATES MAGISTRATE JUDGE