1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIE LEE CARPENTER,
                                                 CASE NO.: 1:07-cv-00114-AWI-GBC (PC)
12                   Plaintiff,
                                                 ORDER DENYING PLAINTIFF'S MOTION
13        v.                                     FOR RECONSIDERATION

14   W. J. SULLIVAN, et al.,                     (Doc. 120)

15                   Defendants.

16   _____/

17

18   I.      **Procedural History**

19           Plaintiff Willie Lee Carpenter, a state prisoner proceeding pro se and in forma pauperis, filed this

20   civil rights action pursuant to 42 U.S.C. § 1983 on January 22, 2007.  This action is proceeding on

21   Plaintiff's first amended complaint (Doc. 17), filed on September 17, 2008, against Defendants A. Pfeil,

22   J. Gonzalez, J. Barajas, Ortiz, A. Salazar, J. Martinez, Litton.  (Docs. 59, 65, 66).[1]

23   II.     **Standard Governing Motions for Reconsideration**

24           Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district

25   court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:

26   "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6)

27   any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  The

28
     _____
            [1] Defendants Sullivan, Evans and Carrasco were dismissed March 28, 2011.  (Doc. 110).

                                                     1

1   motion for reconsideration must be made within a reasonable time, in any event "not more than one year

2   after the judgment, order, or proceeding was entered or taken."  *Id.*

3        Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick Garin*

4   *Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en*

5   *banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court

6   to reverse its prior decision.  *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656,

7   665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert.*

8   *denied*, 486 U.S. 1015 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must

9   be read as being exclusive of the preceding clauses.'"  *Corex Corp. v. United States*, 638 F.2d 119 (9th

10  Cir. 1981); *accord  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir.

11  1986).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  *Id*.  When filing a

12  motion for reconsideration,  Local Rule 230(j)(3) & (4) requires a party to show the "new or different

13  facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or

14  circumstances were not shown at the time of the prior motion."

15      **A.      Reconsideration of Order Adopting Findings and Recommendations to Dismiss**

16              **Defendants Sullivan, Evans and Carrasco**

17        On July 16, 2010, Defendants motioned to dismiss Defendants Sullivan, Evans and Carrasco on

18  the grounds that Plaintiff failed to state a supervisory liability claim against these particular defendants.

19  (Doc. 74).  On January 3, 2011, the Magistrate Judge filed findings and recommendations in which

20  recommended granting Defendants' motion to dismiss Defendants Sullivan, Evans and Carrasco  from

21  the action.  (Doc. 95).  Plaintiff was given thirty days to file an objection to the Findings and

22  Recommendations and he did not file any objections.  (Docs. 95, 110).  On March 18, 2011, Plaintiff

23  filed a request for extension of time, which appears to be requesting an extension of time to conduct

24  discovery.  (Doc. 107).  On April 26, 2011, Plaintiff filed  a motion of reconsideration of the Court's

25  order adopting the findings and recommendations to dismiss Defendants Sullivan, Evans and Carrasco.

26  (Doc. 120).  In Plaintiff's motion for reconsideration, Plaintiff states that his request for extension of

27  time, filed on March 18, 2011, was in fact requesting an extension to respond to the motion to dismiss

28  filed on July 16, 2010.  Plaintiff further asserts that on April 10, 2011, Plaintiff filed objections to the

findings and recommendations.  (Doc. 120).

However, Plaintiff's motion for extension of time was asking for an extension of the discovery deadlines.  (Doc. 107).  Even if it were requesting an extension of time to file an objection to the findings and recommendations filed on January 3, 2011, the request for extension of time was after the thirty day period to file an objection had expired and Plaintiff's request for extension of time would have been untimely.  (Docs. 95, 107).  Moreover, even if Plaintiff filed objections on April 10, 2011, as Plaintiff asserts in his motion for reconsideration, those objections would have been untimely.

As Plaintiff failed to timely file objections or timely file an extension of time to file objections, Plaintiff has failed to demonstrate why the Court should reconsider its order adopting filed on March 28, 2011.  (Doc. 110).  As Plaintiff has not presented arguments other than the abovementioned arguments regarding the untimely extension of time and submission of an untimely objection, Plaintiff has failed to meet his burden to prevail in this Rule 60(b) motion.

**III.    Conclusion and Order**

Based on the foregoing, Plaintiff's motion for reconsideration filed on April 26, 2011, is HEREBY DENIED.  (Doc. 120).

IT IS SO ORDERED.

Dated:    November 4, 2011

UNITED STATES MAGISTRATE JUDGE