UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER,<br><br>               Plaintiff,<br><br>         v.<br><br>W. J. SULLIVAN, et al.,<br><br>               Defendants.<br>_____/ | CASE NO.: 1:07-cv-00114-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 120) |

**I.  Procedural History**

Plaintiff Willie Lee Carpenter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 22, 2007.  This action is proceeding on Plaintiff's first amended complaint (Doc. 17), filed on September 17, 2008, against Defendants A. Pfeil, J. Gonzalez, J. Barajas, Ortiz, A. Salazar, J. Martinez, Litton.  (Docs. 59, 65, 66).[1]

**II.  Standard Governing Motions for Reconsideration**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  The

---

[1] Defendants Sullivan, Evans and Carrasco were dismissed March 28, 2011.  (Doc. 110).

1

1  motion for reconsideration must be made within a reasonable time, in any event "not more than one year
2  after the judgment, order, or proceeding was entered or taken." *Id.*

3  Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin*
4  *Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en*
5  *banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court
6  to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656,
7  665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert.*
8  *denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must
9  be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th
10 Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir.
11 1986). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*. When filing a
12 motion for reconsideration, Local Rule 230(j)(3) & (4) requires a party to show the "new or different
13 facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or
14 circumstances were not shown at the time of the prior motion."

15 **A.     Reconsideration of Order Adopting Findings and Recommendations to Dismiss**
16 **Defendants Sullivan, Evans and Carrasco**

17 On July 16, 2010, Defendants motioned to dismiss Defendants Sullivan, Evans and Carrasco on
18 the grounds that Plaintiff failed to state a supervisory liability claim against these particular defendants.
19 (Doc. 74). On January 3, 2011, the Magistrate Judge filed findings and recommendations in which
20 recommended granting Defendants' motion to dismiss Defendants Sullivan, Evans and Carrasco from
21 the action. (Doc. 95). Plaintiff was given thirty days to file an objection to the Findings and
22 Recommendations and he did not file any objections. (Docs. 95, 110). On March 18, 2011, Plaintiff
23 filed a request for extension of time, which appears to be requesting an extension of time to conduct
24 discovery. (Doc. 107). On April 26, 2011, Plaintiff filed a motion of reconsideration of the Court's
25 order adopting the findings and recommendations to dismiss Defendants Sullivan, Evans and Carrasco.
26 (Doc. 120). In Plaintiff's motion for reconsideration, Plaintiff states that his request for extension of
27 time, filed on March 18, 2011, was in fact requesting an extension to respond to the motion to dismiss
28 filed on July 16, 2010. Plaintiff further asserts that on April 10, 2011, Plaintiff filed objections to the

findings and recommendations. (Doc. 120).

However, Plaintiff's motion for extension of time was asking for an extension of the discovery deadlines. (Doc. 107). Even if it were requesting an extension of time to file an objection to the findings and recommendations filed on January 3, 2011, the request for extension of time was after the thirty day period to file an objection had expired and Plaintiff's request for extension of time would have been untimely. (Docs. 95, 107). Moreover, even if Plaintiff filed objections on April 10, 2011, as Plaintiff asserts in his motion for reconsideration, those objections would have been untimely.

As Plaintiff failed to timely file objections or timely file an extension of time to file objections, Plaintiff has failed to demonstrate why the Court should reconsider its order adopting filed on March 28, 2011. (Doc. 110). As Plaintiff has not presented arguments other than the abovementioned arguments regarding the untimely extension of time and submission of an untimely objection, Plaintiff has failed to meet his burden to prevail in this Rule 60(b) motion.

### III.   Conclusion and Order

Based on the foregoing, Plaintiff's motion for reconsideration filed on April 26, 2011, is HEREBY DENIED. (Doc. 120).

IT IS SO ORDERED.

Dated:   November 4, 2011

UNITED STATES MAGISTRATE JUDGE