# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>W. J. SULLIVAN, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO.: 1:07-cv-00114-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA<br><br>Doc. 167 |

**I.	Procedural History**

Plaintiff Willie Lee Carpenter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 22, 2007. On January 24, 2011, Plaintiff filed a motion to compel. Doc. 98. On June 6, 2011, Plaintiff filed another motion to compel. Doc. 125. On June 13, 2011, Plaintiff filed a motion for a subpoena. Doc. 129. On October 27, 2011, the Court denied Plaintiff's motion to compel and gave Plaintiff leave to amend. Doc. 152. On November 3, 2011, the Court denied as duplicative Plaintiff's motion to compel filed on June 6, 2011, and ordered Defendants to file an opposition of statement of non-opposition to Plaintiff's motion for subpoena. Doc. 160. On December 5, 2011, Defendants filed an opposition to Plaintiff's motion for subpoena. Doc. 167.

///

///

1

## II. Plaintiff's Motion for Subpoena

### A. Legal Standard

Plaintiff must first request discovery from Defendants and if Defendants fail to make a disclosure required by Rule 26(a) of the Federal Rules of Civil Procedure, then Plaintiff may request issuance of subpoenas from the Clerk of Court pursuant to Rule 45(a)(3). Plaintiff's in forma pauperis status will not relieve him from the payment of fees or expenses associated with the subpoenas. *See Tedder v. Odel*, 890 F.2d 210, 211-212 (9th Cir.1989). Plaintiff must first serve the subpoenas, and if the subpoenaed parties do not comply, then Plaintiff may file a motion to compel those parties to comply with the subpoenas.

### B. Motion for Subpoena

In this instance, Plaintiff has failed to follow the procedures pursuant to Rule 45(a)(3) and given his in forma pauperis status, Plaintiff would be required to make a showing that he could pay the expenses associated with the subpoenas. Moreover, as Defendants correctly observe, the discovery documents that Plaintiff requests are the same as those previously requested in his motion to compel filed January 24, 2011. *Compare* Doc. 98 at 4-5 *and* Doc. 125 at 3-4 *with* Doc. 129 at 5-6. Therefore Plaintiff's motion for subpoena, filed June 13, 2011, is duplicative of Plaintiff's motions to compel which have already been resolved by the Court.

## III. Conclusion and Order

Based on the foregoing, the Court denies Plaintiff's motion for subpoena as moot. Doc. 167.

IT IS SO ORDERED.

Dated:   December 20, 2011

UNITED STATES MAGISTRATE JUDGE

2