1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIE LEE CARPENTER,                      1:07-cv-00114 AWI SAB (PC)

12            Plaintiff,

13        v.                                    ORDER DENYING MOTION FOR
                                                APPOINTMENT OF COUNSEL
14   W.J. SULLIVAN, et al.,
                                                (ECF No. 196)
15            Defendant.

16

17        On October 15, 2013, plaintiff filed a motion seeking the appointment of counsel.  This is

18   Plaintiff's tenth request for the appointment of counsel.  Plaintiff does not have a constitutional

19   right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997),

20   and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).

21   Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109

22   S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request

23   the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

24        Without a reasonable method of securing and compensating counsel, the court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

27   of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28   complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances.  This case is proceeding on Plaintiff's claim for excessive force and failure to protect.   The legal issues present in this action are not complex, and Plaintiff has thoroughly litigated his case through the summary judgment stage.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  The Court has previously denied Plaintiff's motions for the appointment of counsel, and nothing has changed the Court's analysis with regard to Plaintiff's case.  It remains that the interests of justice nor exceptional circumstances warrant appointing counsel in this case.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.


IT IS SO ORDERED.


Dated:   **October 30, 2013**

UNITED STATES MAGISTRATE JUDGE

2