# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W.J. SULLIVAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:07-cv-00114-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR IMPOSITION OF SANCTIONS AGAINST DEFENDANTS<br><br>[ECF No. 199] |

　　Plaintiff Willie Lee Carpenter is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　Now pending before the Court is Plaintiff's motion for imposition of sanctions against Defendants, filed on November 25, 2013. Defendants filed an opposition to the motion on December 11, 2013, and Plaintiff filed a reply December 30, 2013.

## I.
## PLAINTIFF'S MOTION

　　In his motion, Plaintiff contends that counsel for Defendants submitted false declarations to the court in support of their defense. Plaintiff points to the declarations of Defendants Barajas and Ortiz as being false. Plaintiff contends the false declarations made by Defendants relied solely upon intentional advancement of a baseless contention and inconsistencies, which were known to defense counsel to be frivolous.

　　Plaintiff specifically contends that Defendants Barajas and Ortiz's declarations signed on September 6, 2011, and filed in support of Defendants' motion for summary judgment, contradict their staff reports authored on June 6, 2004, related to Rules Violation Report, Log No. CCI-IVA-04-06-0239. Plaintiff makes reference to the portion of Defendant Barajas' staff report which states: "Due to

1

where I was positioned (coming up the stairs) I could not see what the inmates were doing inside the cell.  C/O Litton sprayed both inmates, C/O Gonzales tossed one T-16 grenade inside the cell.  And sprayed both inmates." (P's Mot. , P&A at 5.)  With regard to Defendant Ortiz, Plaintiff points to the portion of his staff report which states: "I was walking up the stairs I was not able to see what the inmates were doing.  At the time I observed Officer Litton deployed and spray into the cell . . . and at the same time Officer Gonzales deployed a T-16 grenade into the cell…At that time Officer Gonzales sprayed…into the cell." (Id.)

Plaintiff argues "these [] stories cannot be true," because they contradict Defendants Barajas and Ortiz's September 6, 2011, declarations filed in support of Defendants' motion for summary judgment. (Id.)  He contends, "[t]hey are now witnesses as to what Plaintiff and his cellmate were doing, and were in position to observe and saw (at the top of the stairs at Cell No. 4A.2C-208) standing by defendants Litton and Gonzales…." (Id.)

Plaintiff requests that the Court exclude the use of Defendants' declarations at trial and order Defendants to pay the costs of the unnecessary work caused by the delay and Plaintiff's expenses in this action.

## II.
## DISCUSSION

Federal courts have broad powers to impose sanctions against parties or counsel for improper conduct in litigation.  The Court derives the power to impose sanctions on parties or their counsel from three primary sources of authority, "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

1  litigation; … [and] (3) the factual contentions have evidentiary support or, if specifically so identified,
2  will likely have evidentiary support after a reasonable opportunity for further investigation or
3  discovery….." Rule 11 imposes an objective standard of reasonableness, which applies to pro se
4  litigants. Business Guides Inc. v. Chromatic Communications Enterprises, Inc., 892 F.2d 802, 811
5  (9th Cir. 1989).

6  Rule 11(c) provides for the imposition of appropriate sanctions for a violation of Rule 11(b0 on
7  any attorney, law firm or party that has violated the rule or is responsible for the violation committed.
8  Any sanction imposed must be limited to what suffices to deter the repetition of the conduct or
9  comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4). Whether to impose
10 sanctions is determined by the reasonableness of the inquiry into the law and facts. G.C. & K.B.
11 Investments v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003).

12 There is no basis to support Plaintiff's motion for sanctions. Defendants Barajas and Ortiz's
13 declarations are not contradictory to their staff reports. Rather, both Barajas and Ortiz both wrote in
14 their staff reports that as all four officers (Barajas, Ortiz, Gonzales, and Litton) approached Plaintiff's
15 cell, neither of them could observe the actions of Plaintiff or his cellmate. Plaintiff reasons that
16 Barajas and Ortiz contend they were witnesses to the actions of Plaintiff and his cellmate. However,
17 neither declaration of Barajas or Ortiz state that they witnessed what Plaintiff and his cellmate were
18 doing. In their declarations, both Barajas and Ortiz indicated that as they approached Plaintiff's cell,
19 they stood behind officers Litton and Gonzales, (Barajas Decl. ¶ 5; Ortiz Decl. ¶ 5), and during the
20 entire incident, they stood behind officers Litton and Gonzales. (Barajas Decl. ¶ 6; Ortiz Decl. ¶ 6.)
21 These statements are consistent with their reports that as they were going up the stairs, they could not
22 initially see the actions inside the cell, but were able to observe the actions of officers Litton and
23 Gonzales who were directly in front of the cell giving Plaintiff and his cellmate orders.

24 Defendants elaborated in their declarations that they observed Litton and Gonzales pepper-
25 spray Plaintiff and his cellmate after they refused orders to get down and go to the back of the cell.
26 (Barajas Decl. ¶ 7; Ortiz Decl. ¶ 7.) There is no statement by either Defendant in their declarations
27 that they observed the actions of Plaintiff and his cellmate prior to the deployment of pepper-spray.
28

Furthermore, even if Barajas and Ortiz could not see the actions inside the cell, they heard the orders by Litton and Gonzales for Plaintiff and his cellmate to get down and go to the back of the cell. In addition, both Barajas and Ortiz stated in their staff reports that they witnessed Litton and Gonzales pepper-spray into the cell.  It is a reasonable inference based on Defendants observations and close proximity to the entire incident that Barajas and Ortiz heard the orders given.  The prior staff reports do not contradict the possibility that Barajas and Ortiz subsequently were in a position to observe inside the cell.  Indeed, Ortiz's staff report indicates that he moved beside Litton and Gonzales and observed Plaintiff attempting to hide under the bottom bunk and Plaintiff's cellmate lying on the bottom bunk.

Moreover, there is no basis to find that defense counsel filed the motion with accompanying declarations for an improper purpose.  At the time of the filing of the motion for summary judgment, there was a "reasonable basis for the position" taken, and the declarations were well-grounded in fact. See, e.g., Hamer v. Career College Ass'n, 979 F.2d 758, 759 (9th Cir. 1992) (courts should evaluate the lawyer's investigation in light of the totality of the circumstances and good faith reliance on statements of a client ought to be sufficient in the early stages of litigation.)  The fact that Plaintiff disputes the content of the Defendants' declarations submitted along with their motion for summary judgment, does not, along, make them false.  Any discrepancy between Defendants' declarations and prior statements are questions of fact to be resolved by the trier of fact and do not justify the "extraordinary remedy" of Rule 11 sanctions.

Based on the foregoing, Plaintiff's motion to impose sanctions against Defendants is DENIED.

IT IS SO ORDERED.

Dated:   **January 6, 2014**

UNITED STATES MAGISTRATE JUDGE

4