UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>W.J. SULLIVAN, et al.,<br><br>    Defendants. | Case No.: 1:07-cv-00114-AWI-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTEDANCE OF UNINCARCERATED WITNESS AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 212] |

Plaintiff Willie Lee Carpenter is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is currently proceeding on Plaintiff's excessive force claim in violation of the Eighth Amendment against Defendants Litton, Gonzales, and Pfeil, and against Defendants Barajas, Ortiz, Salazar, and Martinez for failure to protection in violation of the Eighth Amendment.  This matter is set for jury trial on March 18, 2014, at 8:30 a.m., before the undersigned.  A telephonic trial confirmation hearing is set for February 19, 2014, and a telephonic motions in limine hearing is set for March 3, 2014.

**I.     Motion for Attendance of Unincarcerated Witness**

Now pending before the Court is Plaintiff's motion for attendance of incarcerated witnesses and expert witness, filed on January 15, 2014.  Plaintiff requests the attendance of Lieutenant R.L. Johnson, who he claims formerly worked at California Correctional Institution (CCI) in Tehachapi,

1

1  California.[1]  Plaintiff declares under penalty of perjury that this witness has personal knowledge of the
2  events described in his complaint.  (ECF NO. 212, pp. 1-3.)
3  Plaintiff's motion shall be granted.  If Plaintiff wishes to have Lieutenant R.L. Johnson served
4  with a summons to testify at trial, Plaintiff must submit a money order, for this witness, made out to
5  said witness in the amount of $217.19.[2]  To the extent Plaintiff is unsure where the witness is currently
6  located, the Court and the Marshal cannot and will not conduct an investigation on Plaintiff's behalf.
7  Ascertaining the location of Plaintiff's non-incarcerated witnesses is Plaintiff's responsibility.  If
8  Plaintiff submits the money order as required, the Court will direct the Marshal to serve the witness at
9  the location provided by Plaintiff, which, at this time, is CCI.  In addition, the fact that Plaintiff is
10 indigent and is proceeding in forma pauperis in this action does not excuse him from paying the
11 witness fees or travel expenses.  28 U.S.C. § 1915; Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993);
12 Tedder v. Odel, 890 F.2d 210, 211-212 (9th Cir. 1989).

### II.    Motion for Appointment of Counsel

Plaintiff has also filed a motion requesting the appointment of counsel.  Plaintiff has previously filed ten motions for the appointment of counsel in this case, and all of the motions have been denied because exceptional circumstances were not present to warrant the appointment of counsel.  Thus, this is Plaintiff's eleventh request for appointment of counsel.  Plaintiff contends that counsel is necessary to prepare and conduct examination of witnesses at trial.  The Court may appoint counsel if exceptional circumstances are present.  28 U.S.C. § 1915(e)(1); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and

---

[1] To the extent Plaintiff seeks to subpoena a John/Jane Doe (a physician/surgeon), as a witness at trial, such request is deficient.  As stated in the trial scheduling order, if Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify, he must provide in writing the name and location of such witness.  Plaintiff has failed to do with regard to naming a John/Jane Doe as a potential witness.  The time to ascertain the identity of a witness is during the discovery process, not the service of witness process.  Thus, any such request must be denied.

[2] The amount for the witness is based on the daily witness fee of $40.00, plus $177.19 for round-trip mileage for one day. 28 U.S.C. § 1821.  Plaintiff reports that this witness is located at California Correctional Institution in Tehachapi, California.  It is 313.62 miles, round trip, from California Correctional Institution to the courthouse, and the current mileage reimbursement rate is $0.565 per mile.

citations omitted).  As with Plaintiff's prior motions, the Court does not find exceptional circumstances present to warrant the appointment of counsel.  The mere fact that Plaintiff is proceeding to a jury trial pro se, does not present exceptional circumstances to justify appointment of counsel.  Accordingly, Plaintiff's motion shall be denied.

Based on the foregoing,

IT IS HERE ORDERED that:

1. Plaintiff's motion for the attendance of unincarcerated witness Lieutenant R.L. Johnson is GRANTED;

2. In order for Lieutenant R.L. Johnson to testify at trial, Plaintiff must submit a money order made out to such witness in the amount of $217.19 by January 27, 2014;

3. The Court cannot accept cash, and the money order may not be made out to the Court. The money order must be made out in the witness's name; and

4. Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **January 16, 2014**

UNITED STATES MAGISTRATE JUDGE