UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER, | ) Case No.: 1:07-cv-00114--SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTEDANCE OF INCARCERATED WITNESSES |
| W.J. SULLIVAN, et al., | ) |
| Defendants. | ) [ECF No. 214] |

Plaintiff Willie Lee Carpenter is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Litton, Gonzales, and Pfeil for excessive force in violation of the Eighth Amendment and against Defendants Barajas, Ortiz, Salazar, and Martinez, for failure to protect in violation of the Eighth Amendment.  The matter is set for a jury trial beginning on March 18, 2014, at 8:30 a.m.

Now pending before the Court is Plaintiff's motion for the attendance of incarcerated witnesses at his jury trial.  Plaintiff requests the attendance of the following fourteen incarcerated witnesses:

Reyes, Inmate No. P-26196

Vell, Inmate No. J-22392

Madrid, Inmate No. K-25311

Sanchez, Inmate No. J-81808

1  Williamson, Inmate No. J-06477

2  Deon Whitmore, Inmate No. T-29590

3  Brian DeCoud, Inmate No. J-73609

4  Derrin Fenner, Inmate No. J-67537

5  Mark Lewis, Inmate No. H-23254

6  Seam Rochean, Inmate No. T-18961

7  Troy Watts, Inmate No. V-53248

8  Perry Henry, Inmate No. K-79366

9  Brumfield, Inmate No. T-43062

10 Antoine Williams, Inmate No. T-29591

Defendants filed an opposition to Plaintiff's motion on January 30, 2014. Defendants oppose Plaintiff's motion on the grounds that Plaintiff has not shown that all his witnesses have relevant information, and the presence of all fourteen witnesses will not further the resolution of this case.

**I.**

**DISCUSSION**

**A.  Inmates Reyes, Derrin Fenner, Perry Henry, and Brumfield**

As an initial matter, the Court's review of the California Department of Corrections and Rehabilitations data bank reveals that inmates Reyes, Derrin Fenner, Perry Henry, and Brumfield are not currently listed as an incarcerated inmate at any facility. Accordingly, on this basis, Plaintiff's request for the attendance of the Inmates Ryes, Fenner, Henry, and Brumfield is DENIED.

**B.  Willingness of Incarcerated Witnesses to Testify at Trial**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. <u>Wiggins v. County of Alameda</u>, 717 F.2d 466, 468 n.1 (9th Cir.

1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff contends that each witness has personal knowledge of the relevant facts.

1. Inmates Vell, Madrid, and Sanchez-June 6, 2004 Incident

Plaintiff contends that on June 6, 2004, Defendants Litton, Ortiz, Gonzales, and Barajas used excessive force on him. In support of this claim, Plaintiff offers witnesses Reyes, Vell, Madrid, and Sanchez. Plaintiff offers that inmate Vella stated,

> I saw several … officers enter the unit through the "C' section door and run [as] fast as they could up to cell 208 … cell door opened and the officers (all at once) started without any verbal command squirting … canisters (both large and small) into cell 208 … both inmates … asked several times (loud enough for me to hear) What do you want us to do? Over and over again … officers … pulled both … inmates … severely doused in an orange liquid (pepper spray) out … when the officers returned they made several wisecracks about how they didn't even put up a fight.

The Court is satisfied that the statement provided by Plaintiff that inmate Vella witnessed the incident at issue. The Court finds it would be unreasonable to require Plaintiff, who is presently incarcerated, to present further evidence by way of declaration setting forth each of the witnesses currently willingness to testify at trial.

The Court has no information before it that inmate Vella would pose any exceptional security risk, or that transport and security are unduly burdensome. Inmate Vella is currently incarcerated at Corcoran State Prison.

As to inmates Madrid and Sanchez Plaintiff merely contends that they observed the incident as they were located in a nearby cell and gave personal statements. Plaintiff provides no other information regarding the testimony that either of these two witnesses would provide. To the extent these witnesses will provide general testimony regarding the incident, the Court cannot make a determination whether such testimony would be relevant at trial. In addition, Plaintiff will not be allowed to present duplicative and cumulative testimony by witnesses. On this basis, Plaintiff's motion for the attendance of witnesses Madrid and Sanchez is denied.

2.  **Inmates Williamson, Whitmore, DeCoud, Lewis, Rochean, Watts, and Williams- January 20, 2005 Incident**

Plaintiff contends that on January 20, 2005, Defendant Pfeil used excessive force on him, and Defendant Martinez and Salazar failed to protect him from Pfeil's assault. With regard to this claim, Plaintiff offers the testimony of the inmate witnesses Wiliamson, Whitemore, DeCoud, Lewis, Rochean, Watts, and Williams. Plaintiff provides the following statements from each inmate witness.

Inmate Williamson stated,

"I saw Sgt. Pfeil hit I/M Carpenter with his baton a few times while inmate Carpenter was down in a prone position. I/M Carpenter had an enormous knot on his fo[r]ehead the size of a baseball."

Inmate Deon Whitmore stated,

"Observed I/M Carpenter kneeling down to comply with orders without making any movements towards staff or another inmate. While in prone position I observed a [sergeant] strike I/M Carpenter TWICE (2) in the body and once in the forehead."

Inmate Brian DeCoud stated,

"On 1-2-05, while being escorted by staff to the law library on A-yard, I seen an inmate attack somebody from behind. Inmate Carpenter tried to help the person being attacked. That's when I seen C/O's using pepper spray. Once sprayed and on the ground, an officer struck I/M Carpenter in the forehead with his baton. Leaving a huge lump. Not once did I see I/M Carpenter attempt or say anything combative towards any of the officers. This incident is totally unacceptable and unprofession[al]. An inmate should never be subjected to beating over the head … I told Capt. Carrasco exactly what happened and she said, it was CCI's policy.

I witness Sgt. Pfeil strike inmate Carpenter with his baton several times while inmate Carpenter la[id] down in a prone position without making any movements . . . before he strike blows to Carpenter's head Sgt. Pfeil hit Carpenter numerous times in the shoulder and body area."

///
///
///

4

1  Inmate Mark Lewis stated,

2  "On the 20th of January, the[re] was a fight in front of Housing Unit 2.  After the C/O pepper

3  sprayed and all inmates were getting down I notice the officer Pfeil inmate Carpenter three time with

4  his night stick the last hit landed on Carpenter head."

5  Inmate Sean Rochean stated,

6  "On 1/20/05, the[re] was an altercation in front of HU2.  Correctional officers … pepper spray

7  and instruction to lay down upon inmate cooperation officer Pfeil hit inmate Carpenter in the head

8  with a nightstick."

9  Inmate Troy Watts stated,

10 "On 1/20/05, I notice two inmates involved in a physical altercation, after both inmates [w]ere

11 pepper sprayed by several correctional officers, they were then instructed to get down.  In the process

12 of inmate Carpenter complying to the correctional officers instructions, I notice one of the officers

13 (Sergeant) approach Mr. Carpenter as he la[id] on his stomach and hit him three times with his

14 nightstick, the last blow struck Mr. Carpenter in the head.  As a result to this Carpenter had suffered an

15 injury to his forehead."

16 Inmate Antoine Williams stated,

17 "I witness Sgt. Pfeil strike inmate Carpenter in the forehead with his baton while I/M Carpenter

18 la[id] down in a prone position Sgt. Pfeil struck him in the head.  Sgt Pfeil str[uck] I/M Carpenter

19 numerous of times."

20 The Court is satisfied that the statements provided by Plaintiff demonstrate that each inmate

21 witness witnessed the incident at issue.  As previously stated, the Court finds it would be unreasonable

22 to require Plaintiff, who is presently incarcerated, to present further evidence by way of declaration

23 setting forth each of the witnesses currently willingness to testify at trial.

24 The Court has no information before that it that any of the inmate witnesses pose any

25 exceptional security risk, or that transport and security are unduly burdensome.  Inmate Williams is

26 currently located at California State Prison, Los Angeles County, inmate Whitmore is currently

27 located at Calipatria State Prison, inmate DeCoud is currently located at Sacramento State Prison,

28 inmate Lewis is currently located at California Substance Abuse and Treatment Facility at Corcoran

State Prison, inmate Rochean is currently located at Kern Valley State Prison, inmate Watts is currently located at Pleasant Valley State Prison, and inmate Williams is currently located at Kern Valley State Prison.  In addition, the Court does not find that in person testimony would cause undue delay by the minimal time it will take to excuse the jury at the conclusion of the inmate witnesses testimony so correctional staff can escort each witness to the witness stand outside of the presence of the jury.

However, the testimony by these seven witnesses is cumulative.  District courts have broad discretion "to limit the number of witnesses on a particular point to avoid cumulative evidence."  Lutz v. Glendale Union High School, 403 F.3d 1061, 1071 (9th Cir. 2005).  However, the limitation of witnesses must not "sacrifice justice in the name of efficiency."  Navellier v. Sletten, 262 F.3d 923, 941 (9th Cir. 2001).  "As a general rule, evidence may not be excluded solely to avoid delay."  General Signal Corp. v. MCI Telecommunications Corp., 66 F.3d 1500, 1509 (9th Cir. 1995).  Rather, "[u]nder Rule 403, the court should consider the probative value of the proffered evidence and balance it against the harm of delay."  Id. at 1509-1510.

All of these witnesses observed the incident that took place on January 20, 2005, and based on the limited statements provided by Plaintiff it appears that witnesses Brian DeCoud and Troy Williams may have more detailed recollection of the incident.  The limited testimony by other witnesses may be cumulative.[1]  After balancing the probative value of the evidence against the harm of delay, the Court finds that the unduly cumulative nature of the proposed witnesses testimony is outweighed by the need for the trial to proceed in an efficient manner.  On balance, the Court finds that Plaintiff's case can be presented by allowing him to choose five of the above-mentioned witnesses to be present at trial.  See, e.g., Loux v. U.S., 389 F.2d 911, 917 (9th Cir. 1968) (no abuse of discretion in criminal case where district court limited the number of inmate witnesses to five, from ten proposed inmate witnesses).  In order to ensure the timely issuance of writ of habeas corpus ad testificandum to transport the witnesses for trial, the Court will allow Plaintiff **ten (10)** days from the date of service of this order to file his notice of the five witnesses he wishes to call regarding the January 20, 2005, incident.

---

[1] This Court's ruling does not preclude defendants from raising a cumulative objection under Rule 403 at the time of trial.

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of inmates Reyes, Derrin Fenner, Perry Henry, and Brumfield, Madrid, and Sanchez is DENIED;

2. Plaintiff's motion for the attendance of inmate Vella is GRANTED; and

3. Within ten (10) days from the date of service of this order, Plaintiff shall inform the Court of the five witnesses he intends to call regarding the January 20, 2005, incident; and

4. The Court will issue the necessary transportation orders in due course.

IT IS SO ORDERED.

Dated:   **February 3, 2014**

UNITED STATES MAGISTRATE JUDGE