UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER,<br><br>  Plaintiff,<br><br>  v.<br><br>W.J. SULLIVAN, et al.,<br><br>  Defendants. | Case No.: 1:07-cv-00114- SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ADDRESS AND LOCATION OF EXPERT WITNESSES<br><br>[ECF No. 222] |

Plaintiff Willie Lee Carpenter is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is currently set for jury trial on March 18, 2014. Now pending before the Court is Plaintiff's motion for the address and location of expert witnesses. Plaintiff's request must be denied.

Plaintiff requests the Court provide him with a list of the Court's expert witnesses concerning issues of the psychological effects of chemical agents, mental health care and medical prognosis/neurology, prison security procedures, police/correctional officer procedure regarding use of force, prison technical experts, and special masters.

As an initial matter, Plaintiff is advised that the Court does not have nor does it provide parties with a list of potential expert witnesses in certain fields.

Plaintiff is further advised that the Court has discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o] a party's motion or

1

on its own, the court may order the parties to show cause why expert witnesses should not be appointed.…" Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue…." Fed. R. Evid. 702.

First, as Plaintiff was previously advised in the Court's trial scheduling order, it is his responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, see Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989), and the in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by Plaintiff in the instant request.

Second, Plaintiff has failed to adequately describe the topics on which the expert would opine or explain why this evidence is needed to support his claims of excessive force and failure to protect.  The issues of whether Plaintiff was subjected to excessive force and the failure to protect from such excessive force are not complex.  Accordingly, there is no basis for this Court to appoint an expert witness.

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's motion for a list of appointed expert witnesses appointment is DENIED.

IT IS SO ORDERED.

Dated:   **February 7, 2014**

UNITED STATES MAGISTRATE JUDGE