**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIE LEE CARPENTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W.J. SULLIVAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:07-cv-00114- SAB (PC)<br><br>AMENDMENT TO PRETRIAL ORDER<br><br>[ECF Nos. 216, 234, 250] |

Plaintiff Willie Lee Carpenter is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 3, 2014, the Court held a telephonic motion in limine hearing.  Counsel Monica Anderson and Janet Chen appeared on behalf of Defendants, and Plaintiff appeared on behalf of himself.

This action is proceeding against Defendants Litton and Gonzales for use of excessive force on Plaintiff June 6, 2004, and against Defendants Barajas and Ortiz for failing to intervene and protect Plaintiff on this date.  The action is also proceeding against Defendant Pfeil for use of excessive force on Plaintiff on January 20, 2005, and against Defendants Salazar and Martinez for failing to intervene and protect Plaintiff on this date.

///

///

**I.     Motion for Severance**

The determination of whether severance is appropriate lies within the sound discretion of the trial court. Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000) (noting district courts are vested with "broad discretion" in determining severance).

Pursuant to Rules 18 and 20 of the Federal Rules of Civil Procedure, Plaintiff may only join claims in the same action which (1) stem from the same transaction or occurrence or (2) involve the same defendants.[1] At the hearing, after listening to the parties arguments, the Court granted Defendants' motion to sever the two claims as these claims do not stem from the same transaction or occurrence as they took place on different dates and do not involve the same defendants. Accordingly, section II if the Pretrial Order issued February 20, 2014, is amended to reflect the following:

Trial will begin on **Tuesday, March 18, 2014 at 8:30 a.m**. before United States Magistrate Judge Stanley A. Boone in Courtroom 9 (SAB), against Defendants Litton, Gonzales for excessive force on June 6, 2004, and against Defendants Barajas and Ortiz for failure to intervene and protect on this date. The trial is expected to last two days.

Trial will begin on **Tuesday, March 25, 2014 at 8:30 a.m.** before United States Magistrate Judge Stanley A. Boone in Courtroom 9 (SAB), against Defendants Pfeil for excessive force on January 20, 2005, and against Defendants Salazar and Martinez for failure to intervene and protect on this date. The trial is expected to last two to three days.

**II.     Defendants' Objections to Pretrial Order**

On February 28, 2014, Defendants filed objections to the Pretrial Order issued February 20, 2014. Defendants contend that the Pretrial Order does not reflect the applicable standard for a claim based on the failure of an officer to intervene when another officer uses excessive force. Upon the showing of good cause, section VI, subsection B of the Pretrial Order issued February 20, 2014, is amended to reflect the following:

---

[1] Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to a single lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."

A prisoner's rights can be violated by a prison official's deliberate indifference by failing to intervene. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995)). To state a claim the plaintiff must show that the defendants acted with deliberate indifference. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan , 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982 (1994)). Additionally, an officer can only be held liable for failing to intercede if he had a realistic opportunity to intercede and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

### III.     Pretrial Filing Deadlines

Section XIII, subsection C(2) is amended to reflect that defense counsel is required to create and deliver the trial exhibit binders no later than **March 7, 2014**.

All other provisions of the Court's Pretrial Order filed February 20, 2014, remain in full force and effect.

IT IS SO ORDERED.

Dated:   **March 4, 2014**

UNITED STATES MAGISTRATE JUDGE