UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER, | Case No.: 1:07-cv-00114- SAB (PC) |
| Plaintiff, | |
| v. | ORDER REGARDING PLAINTIFF'S AND DEFENDANTS' MOTIONS IN LIMINE |
| W.J. SULLIVAN, et al., | [ECF Nos. 215, 218] |
| Defendants. | |

Plaintiff Willie Lee Carpenter is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 27, 2014, Plaintiff filed a motion in limine. (ECF No. 215.) Defendants filed an opposition on January 30, 2014. (ECF No. 219.)

On January 30, 2014, Defendants filed a motion in limine. (ECF No. 218.) Plaintiff filed a timely opposition on February 28, 2014. (ECF No. 228.)

On March 3, 2014, the Court held a telephonic motion in limine hearing. Counsel Monica Anderson and Janet Chen appeared on behalf of Defendants, and Plaintiff appeared on behalf of himself.

///

///

///

1

I.

**LEGAL STANDARD**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

II.

**MOTIONS IN LIMINE**

**A.     Plaintiff's Motion in Limine**

In his motion in limine, Plaintiff seeks to exclude evidence of his prior conviction and disciplinary violation history, the prior convictions and disciplinary history of any of his inmate witnesses, and testimony of Defendants Barajas and Ortiz regarding the June 6, 2004, incident.

1.     Evidence of Plaintiff's and Inmate Witnesses Criminal Convictions

Plaintiff moves for an order prohibiting Defendants from referring to his criminal convictions and the criminal convictions of his inmate witnesses.

Defendants' oppose the motion and argue it is admissible under Rule 609 of the Federal Rules of Evidence.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or

///

of the release of the witness from the confinement imposed for that conviction, whichever is the later date.  Fed. R. Evid. 609(b).

**Ruling:**  Plaintiff's motion is denied in part and granted in part.  If Plaintiff testifies at trial, pursuant to Rule 609(a)(1)(A) of the Federal Rules of Evidence, Defendants are entitled to impeach Plaintiff's witness testimony.  As Defendants acknowledged at the hearing, absent evidence of perjury or fraud, Defendants are limited to referencing only the fact that Plaintiff has suffered prior felony convictions, in general.  This same ruling applies to all inmate witnesses that Plaintiff calls at trial.

2. <u>In-Prison Disciplinary History</u>

Plaintiff moves to exclude any reference to his disciplinary history during incarceration.

Although Defendants initially opposed Plaintiff's motion, at the hearing Defendants had no objection.

**Ruling:**  Plaintiff's motion is granted.  The Court will address any potential testimony regarding Plaintiff's and his inmate witnesses prior disciplinary history, outside the presence of the jury.

3. <u>Testimony by Defendants Barajas and Ortiz</u>

Plaintiff seeks to exclude testimony by Defendants Barajas and Ortiz on the ground that they were unable to observe certain conduct during the incident of June 6, 2004.  Plaintiff contends that these defendants were not in a position to observe the incident which took place on June 6, 2004, and have no actual or personal knowledge as to what Plaintiff was doing prior to the incident at issue, their testimony should be excluded.

Defendants oppose Plaintiff's motion and argue these Defendants are entitled to testimony as to anything they observed on that date.

**Ruling:**  Plaintiff's motion is denied.  Plaintiff's argument goes to weight of the testimony of these witnesses, not the admissibility of such testimony.  Fed. R. Evid. 701.  Thus, Plaintiff may cross-examine these Defendants as to their credibility and ability to observe what they testify to, but Plaintiff is not entitled to an order limiting their testimony in advance.

///

///

**B.    Defendants' Motions in Limine**

1.    Motion in Limine to Limit Plaintiff's Testimony

Because Plaintiff lacks medical expertise, Defendants seek to exclude testimony by Plaintiff as to the opinion or inferences as to the nature and extent of his alleged injuries.

Plaintiff opposes Defendants' motion to limit his testimony.

Federal Rule of Evidence 701 provides:

> If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

**Ruling:** Because Plaintiff is not a qualified medical expert, he is not permitted to introduce any opinion evidence regarding his medical records or medical condition. Fed. R. Civ. P. 701. However, Plaintiff will be permitted to testify as to what he experienced as a result of the incidents on June 6, 2004 and January 20, 2005, incidents.

2.    Motion in Limine as to Plaintiff's Proposed Trial Exhibits

For the reasons set forth on the record in open court following argument by both parties, the Court issues the following rulings as to Defendants' motion in limine to exclude Plaintiff's proposed trial exhibits.[1]

---

[1] As stated at the hearing, all denials of Defendants' motion in limine are denied to establish a proper foundation at trial. A denial of the Defendants' request does not equate to a ruling that the exhibits are per se admissible. Any party proffering an exhibit at trial must lay a proper evidentiary foundation for the exhibits admissibility at trial. Additionally, matters which are granted are also denied without prejudice, but the proper evidentiary foundation must be laid and done outside the presence of the jury and the party who seeks to admit the excluded exhibit must provide a proffer as to why the exhibit is admissible and not based upon reasons already raised and rejected by the court.

**Exhibit Number 1**: Granted based on lack of relevance and inadmissible hearsay.  Fed R. Evid. 401, 801, 802 and 803.

**Exhibit Number 2**: Granted based on lack of relevance, inadmissible hearsay, and lack of foundation.  Fed. R. Evid. 401, 801, 802 and 803.

**Exhibit Numbers 3 through 6**: Denied without prejudice.

**Exhibit Number 7**: Granted without prejudice based on inadmissible hearsay.  Fed. R. Evid. 801.

**Exhibit Number 8**: Denied without prejudice.

**Exhibit Number 9**: Granted based on lack of relevance, lack of foundation and inadmissible hearsay.  Fed. R. Evid. 401, 801, 802 and 803.

**Exhibit Numbers 10 and 11**: Denied without prejudice.

**Exhibit Numbers 12 through 15**: Denied without prejudice.

**Exhibit Number 16**: Granted based on lack of relevance and inadmissible hearsay.  Fed. R. Evid. 401, 801, 802 and 803.

**Exhibit Numbers 17 and 18**: Denied without prejudice.

**Exhibit Number 19**: Granted based on lack of relevance.  Fed. R. Evid. 401.

**Exhibit Numbers 20 and 21**: Denied without prejudice.

**Exhibit Number 22**: Granted based on lack of relevance.  Fed. R. Evid. 401.

**Exhibit Numbers 23 through 25**: Denied without prejudice.

**Exhibit Number 26 through 33**: Granted based on hearsay, improper opinion, lack of relevance, and authentication as set forth in Defendants' motion in limine.  Fed. R. Evid. 401, 402, 701, 801, 802 and 803.

**Exhibit Number 34**: Denied without prejudice.

**Exhibit Numbers 35 through 38 and 40**: Granted based on Plaintiff's failure to request the documents during the discovery phase of the action.  The discovery request cited by Plaintiff as the discovery request for such documents (ECF No. 263, Attachs. 2 & 3, Ex. A.) did not reasonably identify the specific documents to which Plaintiff now seeks to admit at trial.

**Exhibit Number 39**: Granted without prejudice based on failure to disclose item to Defendants.

**Exhibit Number 41**: Granted based on failure to provide actual exhibit to Defendants

**Exhibit Numbers 42 through 45A**: Denied without prejudice.

**Exhibit Number 46**: Granted based on inadmissible hearsay and lack of foundation. Fed. R. Evid. 801, 802 and 803.

**Exhibit Numbers 47 through 49**: Denied without prejudice.

**Exhibit Number 50**: Granted based on inadmissible hearsay. Fed. R. Evid. 801, 802 and 803.

**Exhibit Number 51**: Granted based on failure to provide actual exhibit to Defendants.

IT IS SO ORDERED.

Dated: **March 6, 2014**

UNITED STATES MAGISTRATE JUDGE