UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER,<br><br>       Plaintiff,<br><br>  v.<br><br>W.J. SULLIVAN, et al.,<br><br>       Defendants. | Case No.: 1:07-cv-00114-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO JOIN<br><br>[ECF No. 315] |

      On January 22, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983.

      Now pending before the Court, is Plaintiff's motion to join Brian DeCoud as to Claim One of his Complaint, filed April 17, 2014.  As to Plaintiff's Claim One of the Complaint, this case proceeded to jury trial on March 18, 2014, and judgment was entered in favor of Defendants on March 19, 2014.  On the beginning day of trial, Plaintiff raised an oral motion to join inmate/witness Brian DeCoud as a Plaintiff in the action.  The Court denied the request as untimely.  (ECF No. 285.)  To the extent Plaintiff now seeks reconsideration of such request pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, his request must be DENIED.

      Pursuant to Federal Rule of Civil Procedure 60(b)(6), referred to as the catch-all provision,  the Court may, upon motion, relieve a party from a final order or judgment.  As the moving party, Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion."  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)

(internal quotations and citation omitted).  The "Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  Id. (internal quotations and citation omitted).

    Plaintiff's mere disagreement with the Court's ruling on his motion to join Brian DeCoud pursuant to Rule 20 of the Federal Rules of Civil Procedure, does not provide a basis for reconsideration.  Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances.  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Fed. R. Civ. P. 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second change for parties who made deliberate choices).  Plaintiff's disagreement with the Court's decision is not grounds for reconsideration.  Plaintiff has failed to set forth a basis upon which relief may be granted under Rule 60(b)(6), or under any of the grounds provided for in Rule 60(b).  The fact that Plaintiff may have requested and was denied the ability to communicate with certain inmate witnesses, such rulings do not provide a basis for joinder and/or reconsideration of the Court's decision.  Accordingly, Plaintiff's motion for reconsideration must be DENIED.

IT IS SO ORDERED.

Dated:  **April 23, 2014**

UNITED STATES MAGISTRATE JUDGE